**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JEMELL LAMAR RAYAM,<br><br>Petitioner,<br><br>v.<br><br>U.S. PRISON BUREAU - RRM PHILADELPHIA,<br><br>Respondent. | Civil Action No. 25-1922 (MAS)<br><br>**OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on the habeas petition filed by Petitioner Jemell Lamar Rayam pursuant to 28 U.S.C. § 2241. (ECF No. 1.) For the reasons set forth below, Petitioner's habeas petition shall be dismissed without prejudice.

**I.   BACKGROUND**

Petitioner is serving a criminal sentence arising out of the District of Maryland. (ECF No. 1 at 1.) He is currently on home confinement, under the supervision of the Philadelphia residential reentry management office. (*Id.* at 1-3.) In his habeas petition, Petitioner requests that he be permitted to use credits he earned under the First Step Act to be released into "probation," by which he appears to mean his supervised release term. (*Id.* at 3-5.) BOP paperwork Petitioner provides indicates that he has already received 365 days of credits which have been applied towards his early supervised release. This has resulted in an expected release date of May 22, 2026, rather than May 22, 2027. The paperwork further provides that Petitioner received an

additional 565 days of credits, which were applied towards his early placement in home confinement. (*See* ECF No. 1-1 at 1-2.)

## II. LEGAL STANDARD

Under 28 U.S.C. § 2241(c), a federal court has jurisdiction over a habeas petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), the Court is required to preliminarily review habeas petitions and motions to vacate sentence and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

## III. DISCUSSION

In his habeas petition, Petitioner argues that he should be permitted to use the 565 days of credits he accrued under the First Step Act towards early placement on home confinement and be permitted to apply the accrued credit days towards early "probation." The Court presumes Petitioner means early placement on supervised release rather than home confinement. Under the First Step Act, federal prisoners who complete recidivism reduction programs and comply with the Act's requirements are permitted to earn extra credits that can be applied to either an early supervised release or early placement in a residential facility or home confinement rather than in federal prison. *See, e.g.*, *Williams v. Warden, Allenwood Low*, No. 24-1321, 2024 WL 4204277, at *3 (M.D. Pa. Sept. 16, 2024); *see also* 18 U.S.C. § 3632(d)(4). While the statute permits credits to be applied either to early supervised release or to placement in a residential facility or home confinement, the application of credits towards supervised release is subject to an absolute

maximum: "the Director of the Bureau of Prisons may transfer [a] prisoner to begin [his] term of supervised release at an earlier date, not to exceed 12 months [prior to his standard release date], based on the application of time credits under" the First Step Act. *See* 18 U.S.C. § 3624(g)(3); *Williams*, 2024 WL 42042777, at *3. Thus, once a prisoner has applied 365 days' worth of credit towards early supervised release, he may only apply First Step Act credits towards early placement in a residential facility or home confinement. The credits cannot be used to reduce his sentence or to further hasten his placement on supervised release.

Here, Petitioner has already received 365 days' worth of credits towards early supervised release. He cannot earn or apply any further credits under the First Step Act towards his early supervised release, which appears to be Petitioner's goal. The remaining credits Petitioner earned could only be applied towards his early placement in a residential facility or home confinement, which appears to be exactly what has occurred as Petitioner has already been placed on home confinement. As Petitioner has already received the maximum number of credits towards early supervised release, and is already on home confinement, he can no longer benefit from any remaining or additional First Step Act credits. The BOP, therefore, has not erred in refusing to further hasten his supervised release. Petitioner's argument that he is entitled to early placement into supervised release is thus without merit, and his habeas petition must therefore be dismissed.

IV.  **CONCLUSION**

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**. An order consistent with this Opinion will be entered.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE